IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,                                    Case No. 3:12-CV-378-PA

        Plaintiff,                            ORDER TO DISMISS

   v.

J.E. THOMAS, et al.,

        Defendants.

PANNER, District Judge.

    Plaintiff, an inmate at FCI-Sheridan, brings this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that defendants have installed metered toilets within FCI-Sheridan which limit the number of times an inmate is able to flush the toilet in his cell. According to plaintiff, an inmate may only flush his toilet once every five minutes. A second flush in less than the next five-minute period will result in no more flushes for the next ten minutes. He further alleges the restriction is escalated within the Segregated Housing Unit ("SHU") where inmates are still allowed to flush the toilet after five minutes, but two flushes in less than ten minutes will disable the flushing mechanism for one hour. According to plaintiff, this water-saving initiative violates the Eighth Amendment.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to establish an Eighth Amendment violation, an inmate must make an objective showing that he was deprived of something "sufficiently serious" that it implicates the "minimal civilized measure of life's necessities." *Id; Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff must also make a subjective showing that the deprivation he endured was the result of deliberate indifference to his health

3 - ORDER TO DISMISS

or safety on the part of the defendants. *Farmer*, 511 U.S. at 834-35. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id* at 835.

The Eighth Amendment prohibits severe or prolonged deprivations of sanitation. *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995). "[E]xtreme deprivations are required to make out a conditions of confinement claim. . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[R]outine discomfort inherent in the prison setting" does not offend the Constitution. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).

The defendants' implementation of water-saving devices at FCI-Sheridan which has the ancillary effect of limiting the number of flushes described above does not result in a prolonged or severe deprivation of sanitation. Inmates within either general population or the SHU may flush the toilet in their cells every five minutes around the clock. If they do so more frequently, general population inmates must wait ten minutes for the system to reset itself, and those in the SHU must wait one hour for the same. This temporary situation does not arise to a sufficiently serious deprivation to implicate the Eighth Amendment.[1]

---

[1] While plaintiff asserts that the limitation on flushes in the SHU appears to be punitive because it is greater than the limitation imposed on the general population, such an inquiry is irrelevant as to whether the flushing mechanism as programmed within the SHU is sufficiently severe or prolonged so as to implicate the Eighth Amendment, which it is not.

4 - ORDER TO DISMISS

Moreover, it cannot be said that prison officials are deliberately indifferent to sanitation when inmates are allowed to flush their toilets every five minutes. As a result, the Complaint is dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because plaintiff cannot cure the deficiencies identified above through amendment, the dismissal is with prejudice and without leave to amend.

Plaintiff's request for class certification is DENIED, and his pending Motion for Temporary Restraining Order and/or Preliminary Injunction (#3) is also DENIED.

IT IS SO ORDERED.

DATED this __16__ day of March, 2012.

                                              Owen M. Panner
                                              United States District Judge